**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT K. EVANS,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>ALLIANCE FUNDING,<br><br>   Defendant,<br><br> And<br><br>CALIFORNIA CONTRACTORS<br>LICENSE BOARD; et al.,<br><br>   Defendants - Appellees. | No. 13-55062<br><br>D.C. No. 2:10-cv-03200-DSF-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 24, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vincent Evans appeals from the district court's order granting summary judgment in favor of EMC Mortgage LLC, Bank of America, N.A., and JPMorgan Chase & Co. Because the parties are familiar with the facts and the procedural history, we will not recount them here.

Although a number of arguments were presented on appeal, the only issue is whether Evans's remaining claims were time-barred. The claims that remained before summary judgment alleged violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and 42 U.S.C. sections 1981 and 1982. The FHA has a two-year limitations period. *See* 42 U.S.C. § 3613(a)(1)(A). The FDCPA has a one-year limitations period. *See* 15 U.S.C. § 1692k(d). Sections 1981 and 1982 are subject to a state's limitations period for personal injury claims or to a four-year "catch-all" limitations period for federal claims set forth at 28 U.S.C. § 1658. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). The California period for personal injury claims is two years. *See* Cal. Civ. Proc. Code § 335.1.

Evans filed the present suit on April 30, 2010, more than six years after the January 2004 foreclosure sale and more than ten years after the origination of the

1999 loan at issue. The district court correctly concluded that all of Evans's claims are time-barred.

Evans made no argument for tolling before the district court. Not only does he invoke the concept of tolling for the first time on appeal, he does not support his claim with argument for why or how tolling principles should apply to this case. Therefore, the argument is waived. *See Alexopulos by Alexopulos v. Riles*, 784 F.2d 1408, 1411 (9th Cir. 1986) (tolling argument waived when raised for the first time on appeal); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (claims unsupported by argument on appeal are waived).

We need not, and do not, reach any other argument asserted by the parties.

**AFFIRMED.**